IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-01401 |
| | ) | |
| THE CIRCUIT ATTORNEY'S OFFICE | ) | |
| OF THE CITY OF ST. LOUIS/THE | ) | JURY TRIAL DEMANDED |
| CITY OF ST. LOUIS, MISSOURI, and | ) | |
| | ) | |
| KIMBERLY GARDNER, in her official | ) | |
| and individual capacities, and | ) | |
| | ) | |
| ROBERT STEELE, in his individual | ) | |
| capacity, and | ) | |
| | ) | |
| MICHAEL WARRICK, in his official | ) | |
| and individual capacities, and | ) | |
| | ) | |
| EULA SIMMONS, in her official and | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**PARTIES & JURISDICTION**

1. At all times relevant herein, Plaintiff, Nancy Woods (hereinafter "Woods"), was and is a resident of the City of Belleville, in the State of Illinois and a citizen of the United States of America. At all times relevant herein, Woods was employed by the Circuit Attorney's Office of the City of St. Louis, Missouri, located in the City of St. Louis, State of Missouri, in the Eastern Division of the Eastern District of Missouri. Woods is Caucasian.

2. At all times relevant herein, Defendant Circuit Attorney's Office of St. Louis/City of St. Louis is a prosecuting attorneys office organized and existing under the laws of the State of Missouri located in a city without a county in the State of Missouri and more specifically in the City of St. Louis.

3. At all times relevant herein Defendant Kimberly Gardner (hereinafter "Gardner") was and is the elected Circuit Attorney, who began her term January 1, 2017.  Gardner is the first African American Circuit Attorney for the City of St. Louis.  She is sued in both her individual and official capacities.

4. At all times relevant herein Defendant Robert Steele (hereinafter "Steele") was Gardner's First Assistant Circuit Attorney until he resigned to take a job with St. Louis County Prosecuting Attorney Wesley Bell.  Steele is also African American.  He is sued in his individual capacity.

5. At all times relevant herein, Defendant Michael Warrick was and is Gardner's Chief of Staff.  Warwick is African American.  He is sued in both his individual and official capacities.

6. At all times relevant herein, Defendant Eula Simmons was and is the Chief Clerk of the Circuit Attorney's Office.  She was Woods' supervisor.  She also is African American.  She is sued in both her individual and official capacities.

7. The adverse employment action Woods suffered when she was terminated by the Defendants occurred in the City of St. Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

8. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.*, 29 U.S.C. § 621 *et seq.,* 42 U.S.C. §§ 1981 and 1983, the 14th Amendment to the United States Constitution, and

§ 213.010 *et seq*. R.S.Mo.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

9. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

10. Woods was employed by the Circuit Attorney's Office for almost 28 ½ years as a paralegal in the Child Support Unit without any real incident or problem (except for a few tardies) until Gardner was elected Circuit Attorney.

11. Upon information and belief, Woods was the first paralegal hired by the Circuit Attorney's Office.

12. Woods received positive evaluations prior to the election of Gardner.  After Gardner's election, she was not evaluated before her wrongful termination.

13. After Gardner was elected Circuit Attorney, at least five (5) Caucasian prosecutors and two (2) Caucasian members of the support staff were terminated by the Circuit Attorney's Office, excluding Woods.

14. In addition to the attorneys fired by Gardner, over twenty (20) experienced Caucasian prosecutors left the Circuit Attorney's Office after Gardner took office.  Upon information and belief, many of these dedicated, career prosecutors left the Circuit Attorney's Office because of their mistreatment by Gardner and her leadership team, who made it clear that they were not wanted despite their experience and skills.

15. A *St. Louis Post Dispatch* article reported that current and former staffers criticized Gardner for allowing Maurice Foxworth to influence her personnel decisions (and

weigh in on plea and sentencing negotiations) when Foxworth's license to practice law had been suspended.  Foxworth, like the Defendants, is African American.

16. As a result of Defendants' conduct/actions, over 1/3 of the Circuit Attorney's Office has been fired or left since Gardner took office.

17. Prior to Woods' wrongful termination, Steele said at an all staff meeting:  you people (Caucasians) might think we're stupid because we are poor and black, but we're not, demonstrating racial animosity towards the Caucasian employees of the office.

18. Gardner further demonstrated her racial animosity towards Caucasians by indicting the governor (Caucasian) for felony invasion of privacy without necessary evidence to support the charge.  Upon information and believe, she later permitted an African American investigator she hired to lie about what took place during his interview of the alleged victim.  This conduct is being investigated by a special prosecutor.

19. Shortly after Gardner was elected, Woods met her.  Gardner introduced herself and asked Woods how long she had worked for the Circuit Attorney's Office.  When Woods responded she would be there 28 years in August, Gardner responded, "oh really, why are you still here?"

20. On or about January 5, 2018, Woods was summoned to meet with Simmons and Warrick.  During this meeting, Woods was grilled by them about whether there was anything she wanted to tell them, until Woods was in tears.

21. A similar exchange took place with another older Caucasian employee of the Circuit Attorney's Office shortly before he was fired.

22. After Woods began to cry, Warrick and Simmons told Woods that the lawyers in the office had nothing but good things to say about her and that Woods was going to be moved

to a different office.

23.     On January 18, 2018, at another meeting before her wrongful termination, Warrick and Simmons told Woods that she was rude, unprofessional and a problem because she could not help answer the phones on specific days due to her court responsibilities and because she could not help pull files due to a bad back.

24.     Thereafter, on January 26, 2018, during a meeting with Simmons, Warrick, and Steele, Woods was told that she was not a team player, and therefore, January 26 would be her last day.  She was told that she could either retire or be fired.

25.     When Woods responded that Defendants would have to fire her because she would not quit, Woods was fired and escorted out by armed investigators working for the Circuit Attorney's Office.

26.     Woods had never been told that she was "not a team player" in her twenty-eight plus years working for the Circuit Attorney's Office until Gardner took office and the leader's of the team were African American.

27.     In less than a month, Woods went from an employee that the lawyers in her unit had nothing but good things to say about, to not being a "team player" on a team she had successfully played on for over 28 years, showing that any reasons for Woods' termination were nothing but pretext to conceal illegal discrimination.

28.     After Woods wrongful termination, her position was ultimately filled by a much younger African American employee of the Circuit Attorney's Office.

29.     Woods timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Missouri Commission on Human Rights (hereinafter "MCHR").

5

30. Both the EEOC and MCHR issued Woods "right to sue" letters. The EEOC issued its letter on February 28, 2019, and the MCHR issued its letter on March 26, 2019.

31. As a direct and proximate result of the acts of the Defendants as alleged herein, Woods has suffered and will continue to suffer lost wages and other benefits of employment.

32. As a direct and proximate result of the acts of the Defendants as alleged herein, Woods has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

## COUNT I
## PLAINTIFF'S TITLE VII AND MHRA CLAIMS
## BASED UPON RACE DISCRIMINATION

For Count I of Plaintiff's cause of action against Defendant Circuit Attorney's Office/City of St. Louis, Plaintiff states as follows:

33. Woods alleges and incorporates by reference as if fully set forth herein all previous allegations set forth in her Complaint.

34. Woods suffered an adverse employment action when she was wrongfully terminated by Defendant.

35. Any purported reasons that Defendant might offer for the wrongful termination of Woods is nothing but pretext to conceal the Defendant's illegal discrimination against her because of her race.

36. The actions and/or practices complained of herein were in violation of Woods' rights secured by 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq*.

37. As a direct and proximate result of the acts of the Defendant as alleged herein, Woods was wrongfully terminated, resulting in lost wages and other benefits of employment.

38. As a direct and proximate result of the acts of the Defendant as alleged herein, Woods has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

39. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against it appropriate under the Missouri Human Rights Act to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy Woods prays this Court enter judgment in her favor and against Defendant the Circuit Attorney's Office/the City of St. Louis and thereafter order Defendant to make her whole by awarding her damages for her lost wages and benefits of employment, as well as for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award her punitive damages against Defendant in such sum as this Court believes will serve to punish it and to deter it and others from like conduct in the future, award Plaintiff her reasonable costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the circumstances.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF ADEA AND MHRA**

For Count II of Plaintiff's cause of action against Defendant Circuit Attorney's Office/City of St. Louis, Plaintiff states as follows:

40. Plaintiff incorporates by reference as if fully set forth herein all proceeding paragraphs of her Complaint.

41. Woods was a member of a protected class because she was over the age of 40,

and more specifically 64 years old, at the time of her wrongful discharge.

42. Woods was qualified to perform the duties of her position as evidenced by her performing her job duties for some 28 ½ years without any real issues or problems until her wrongful discharge. Woods was meeting Defendant's legitimate job expectations at the time of her wrongful discharge.

43. Woods suffered an adverse employment action when she was fired by the Defendant because of her age.

44. Woods replacement was substantially younger than Woods.

45. Any purported reasons offered by Defendant for Woods' discharge were nothing but pretext to cover-up Woods' illegal termination because of her age.

46. The actions and practices complained of herein were in violation of Woods' rights secured by 29 U.S.C. § 621 *et seq.* and R.S.Mo. § 213.010 et seq.

47. As a direct and proximate result the acts of the Defendant as alleged herein, Woods was wrongfully discharged, resulting in lost wages and other benefits of employment.

48. As a direct and proximate result of the acts of the Defendant as alleged herein, Woods has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

49. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against it appropriate under the Missouri Human Rights Act to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy Woods prays this Court enter judgment in her

favor and against Defendant the Circuit Attorney's Office/the City of St. Louis and thereafter order Defendant to make her whole by awarding her damages for her lost wages and benefits of employment, as well as for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award her punitive damages against Defendant in such sum as this Court believes will serve to punish it and to deter it and others from like conduct in the future, award Plaintiff her reasonable costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the  circumstances.

## COUNT III
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

50. Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through 39 of her Complaint.

51. Defendants, acting under color of state law, deliberately acted against Woods as set forth above because of her race, Caucasian, causing her to be deprived of her rights secured by the Constitution and laws of the United States.

52. The actions, policies and practices complained of herein are cognizable under 42 U.S.C. §1983 in that they have denied Woods of her rights secured by the Fourteenth Amendment to the United States Constitution.

53. The actions complained of herein were made by those with final policy-making authority and/or approved by those with final policy-making authority within the the Circuit Attorney's Office as part of a deliberate policy to discriminate against Caucasian

9

employees of that Office.

54. As a direct and proximate result of the acts of the Defendants as alleged herein, Woods was wrongfully discharged, resulting in lost wages and other benefits of employment.

55. As a direct and proximate result of the acts of the Defendants as alleged herein, Woods has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

56. The conduct of the individual Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Woods constitutional rights as set forth above, justifying an award of punitive damages against these Defendants in their individual capacities to punish them and to deter them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff Nancy Woods prays this Court enter judgment in her favor and against all Defendants and thereafter order Defendants to make her whole by awarding her damages for her lost wages and benefits of employment, as well as for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award her punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future, award Plaintiff her reasonable costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the  circumstances.

## COUNT IV
## VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY  42 U.S.C. SECTION 1981

For Count IV of Plaintiff's cause of action against all Defendants, Plaintiff states as

follows:

57. Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through 39 of her Complaint.

58. Defendants terminated Woods because of her race and replaced her with an African American employee.

59. Woods' race was the determining factor, motivating factor, or played a part in the Defendants' decision to fire her.

60. Any stated reason for terminating Woods was not the real reason for her wrongful termination but pretext to hide race discrimination.

61. As a direct and proximate result of the acts of the Defendants as alleged herein, Woods was wrongfully discharged, resulting in lost wages and other benefits of employment.

62. As a direct and proximate result of the acts of the Defendants as alleged herein, Woods has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

63. The conduct of the individual Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Woods' federal statutory rights as set forth above, justifying an award of punitive damages against these Defendants in their individual capacities to punish them and to deter them and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff Nancy Woods prays this Court enter judgment in her favor and against all Defendants and thereafter order Defendants to make her whole by awarding her damages for her lost wages and benefits of employment, as well as for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,

humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award her punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future, award Plaintiff her reasonable costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the  circumstances.

COUNT V
**CONSPIRACY TO VIOLATE CIVIL RIGHTS**

For Count V of Plaintiff's cause of action against Defendants Gardner, Steele, Warrick, and Simmons in their individual capacities, Plaintiff states as follows:

64. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of her Complaint

65. Defendants, acting under color of state law, conspired together and amongst themselves and as a result reached a mutual understanding to fire Woods because of her race and/or age.  Additionally, but without waiver of the foregoing, Defendants conspired to undertake a course of conduct to protect each other from the consequences of their constitutional and statutory violations.

66. In furtherance of this conspiracy, the Defendants committed the following overt acts:

    a. Defendants caused Simmons and Warrick to meet with Woods to grill her about whether there was anything she wanted to tell them, until Woods was in tears.

    b. Defendants caused Simmons and Warrick to meet with Woods a second time to tell her she was rude, unprofessional and a problem.

    c. Defendants fired Woods.

67. Defendants shared the general conspiratorial objective which was to fire Woods

after more than 28 years of employment in violation of her statutory and constitutional rights. Such conduct was engaged in by those with final policy-making authority within the Circuit Attorney's Office to effectively insulate them from civil and/or internal sanction and therefore, Defendants felt free to engage in the misconduct described above without any fear of consequences.

68. Defendants furthered the conspiracy by participating in it from its inception or by participating in the cover-up thereof and/or ignoring the course of conduct set forth herein so as to insulate themselves and others from liability for the outrageous and unlawful acts of the Defendants as described herein, showing a tacit understanding to carry out the prohibited conduct.

69. As a direct and proximate result of the conspiracy amongst the Defendants and in furtherance thereof, Woods was wrongfully discharged, and thereby deprived of her constitutional right to equal protection under the laws secured by the 14th Amendment to the United States Constitution , as well as her federal statutory rights to be free from illegal discrimination secured by Title VII of the Civil Rights Acts of 1964, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981.

70. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Woods was wrongfully discharged, resulting in lost wages and other benefits of employment.

71. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Woods has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

72. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Woods' constitutional and federal statutory rights as set forth above, justifying an award of punitive damages against the Defendants in their individual capacities.

WHEREFORE, Plaintiff Nancy Woods prays this Court enter judgment in her favor and against Defendants Gardner, Steele, Warrick, and Simmons and thereafter order Defendants to make her whole by awarding her damages for her lost wages and benefits of employment, as well as for her emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award her punitive damages against these Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct in the future, award Plaintiff her reasonable costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the  circumstances.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**

By:     /s/ Lynette M. Petruska
Lynette M. Petruska, Bar No. 41212
lpetruska@plebanlaw.com
J.C. Pleban, Bar No. 63166
jc@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

Attorneys for Plaintiff