UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NANCY WOODS, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:19-cv-01401-SRC |
| THE CIRCUIT ATTORNEY'S OFFICE OF THE CITY OF ST. LOUIS, et al., | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Strike [12]. The Court grants, in part, and denies, in part Defendants' Motion.

**I.   Background**

Plaintiff Nancy Woods was employed with The Circuit Attorney's Office of the City of St. Louis from 1989 until January 2018, when she was terminated. Woods is a Caucasian female that is over 64 years of age. Woods alleges she was wrongfully terminated due to race and age discrimination. On May 22, 2019, Woods filed this suit against The Circuit Attorney's Office of the City of St. Louis and four African-American defendants. Defendants now move this Court to strike Paragraphs 15 and 18 of the Complaint in their entirety. Defendants argue that the allegations contained in Paragraphs 15 and 18 of Plaintiff's Complaint have no bearing on the issues of the alleged wrongful termination of Wood's employment.

**II.   Standard**

Pursuant to Fed. R. Civ. P. Rule 12(f), a party may move to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Although motions to strike are generally disfavored, "allegations may be stricken if they have no real bearing on the case, will likely prejudice

the movant, or where they have criminal overtones." *Kay v. Sunbeam Prods., Inc.,* No. 2:09-cv-4065-NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009).

## III. Discussion

### A. Paragraph 15

Defendants seek to strike Paragraph 15 from the Compliant for the reasons set forth below. Paragraph 15 provides:

> 15. A *St. Louis Post Dispatch* article reported that current and former staffers criticized Gardner for allowing Maurice Foxworth to influence her personnel decisions (and weigh in on plea and sentencing negotiations) when Foxworth's license to practice law had been suspended. Foxworth, like the Defendants, is African American.

Defendants argue that Paragraph 15 does not contain any allegation that Mr. Foxworth participated in any way in any employment decision regarding Plaintiff. Defendants further allege that the allegations in Paragraph 15 are double hearsay from unnamed, let alone unconfirmed, sources supposedly reported in the St. Louis Post Dispatch. Doc. 15 ¶ 5. The Court disagrees. While Woods does not specifically allege that Mr. Foxworth participated in the decision of her termination, the Court still finds that Mr. Foxworth's influence over personnel decisions may be relevant to Woods' wrongful termination allegations.

Next, Defendants argue that Woods' allegation that Mr. Foxworth's license to practice law was suspended is completely immaterial, impertinent and scandalous. *Id.* The Court agrees. The status of Mr. Foxworth's law license has no real bearing or connection to Wood's wrongful termination claims. The Court also agrees that that Mr. Foxworth's alleged participation in plea and sentencing negotiations have no connection to Wood's termination. The Court hereby strikes only the following language from Paragraph 15: "(and weigh in on plea and sentencing negotiations) when Foxworth's license to practice law had been suspended."

### B. Paragraph 18

Defendants seek to strike paragraph 18 from the Complaint for the reasons set forth below. Paragraph 18 provides:

> 18. Gardner further demonstrated her racial animosity towards Caucasians by indicting the governor (Caucasian) for felony invasion of privacy without necessary evidence to support the charge. Upon information and believe, she later permitted an African American investigator she hired to lie about what took place during his interview of the alleged victim. This conduct is being investigated by a special prosecutor.

Defendants argue that the Grietens investigation and the claims against the investigator have no connection to Wood's wrongful termination claims. Defendants further argue that the allegations are inadmissible, and prosecutors are entitled to absolute immunity for acts performed in initiating a prosecution and in presenting the State's case. Doc. 15 ¶ 9.

The Court agrees that the contested allegations in Paragraph 18 do not appear to have any bearing on the claims at issue in this case. No apparent connection exists between Woods' wrongful termination claim and the Grietens investigation. Wood's Complaint does not explain any connection between the two. The Court hereby strikes Paragraph 18 in its entirety.

Given that this litigation is at a relatively early stage, the Court may reconsider this Order if Woods demonstrates a sufficient nexus between her claims and the Grietens investigation and the claims against the investigator. *Kay v. Sunbeam Prods., Inc.*, No. 2:09-cv-4065-NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009)).

Accordingly,

**IT IS HEREBY ORDERED** that the Court GRANTS, in part, and DENIES, in part Defendants' Motion to Strike [12].

So Ordered this 17th day of December.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**