IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WOODS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-01401-SRC |
| | ) | |
| THE CIRCUIT ATTORNEY'S OFFICE | ) | |
| OF THE CITY OF ST. LOUIS, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**MOTION FOR A TELEPHONE CONFERENCE**
**REGARDING DISCOVERY DISPUTES**

    COMES NOW Plaintiff and requests a telephone conference to address discovery disputes that cannot be resolved by the parties.  The Parties have made a good faith effort to resolve these disputes through several telephone conferences as required by Local Rule 3.04.

**A.**    **The Disputes**

This is an employment discrimination case in which Plaintiff alleges she was discriminated against on the basis of her race and age when she was fired as a paralegal in the Child Support Division of the Office of the Circuit Attorney (OCA) after working there for 28 1/2 years.  Plaintiff is Caucasian.  All of the individuals involved in decision to fire her are African American.  The Requests for Production in dispute are attached as Exhibit 1.  The Interrogatories are attached as Exhibit 2.  The depositions of Defendants are scheduled for the first week of March 2020.

In Request for Production Nos. 13, 21, & 32, Plaintiff requested the personnel files (excluding medical records) of Kimberly Stevens (the African American paralegal Plaintiff alleges replaced her), John Dockery (Caucasian lawyer forced to retire from the Child Support Division) as well as Defendants Robert Steele, Michael Warrick, and Eula Simmons (supervisors who were part of the termination decision).  Counsel attempted to resolve this dispute by limiting the documents produced to applications, performance reviews, complaints (against the named defendants) and discipline (and to a period of 10 years involving Mr. Dockery's file).  However, the CAO refuses to produce any documents from its personnel files.

In Request for Production Nos. 35-37, Plaintiff requested documents relating to the termination of other employees in the OCA, showing the reasons employees retired or resigned, and documents relating to the hiring of new employees by the OCA (job announcements, applications, interviews/scoring, etc.).  In Interrogatory Nos. 12-13, Plaintiff sought the names of all employees of the OCA on the day Defendant Gardner took office, their dates of hire and

positions, races and date of birth, whether the person is still with the office, and if not the date s/he left the office and why, as well as the names, ages, and races of all persons hired by the OCA since Gardner took office, to include the positions and who made the hiring decision.  The parties discussed but could not resolve this dispute.

Interrogatory Nos. 17-18 requested details from the individual Defendants about any communications with or about John Dockery's job, job performance, retirement, resignation, or termination.  Mr. Dockery was the Caucasian Director of the Child Support Division from 1984 until he was fired by the Defendants shortly before Plaintiff's wrongful termination under similar circumstances.[1]  The parties discussed but could not resolve this dispute.

According to Fed.R.Civ.P. 26(b)(1),"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,' considering the factors enumerated in the Rule.  Here there is no claim of privilege.  This discovery is relevant to Plaintiff's claims and essential to Woods establishing her discrimination claims.  It is proportional to the needs of the case:  the personnel files are limited to only five (5) employees of the COA and do not request the entire file but only those portions that are likely to be relevant or lead to the discovery of admissible evidence in this action.  Information related to hiring and firing decisions is limited to Defendant Gardner's term (January 2017 to present) and is likely to establish the discriminatory firing and hiring practices alleged since she took office.  As of September 2019, 65 prosecutors have quit or been fired since Defendant Gardner took office, many Caucasian and dedicated, career staff, like Plaintiff.  That they were fired or forced out by Defendants is evidence of their racial animus and a pattern of terminating Caucasian employees, like Plaintiff, who had no real performance issues until Defendant Gardner took office.

As to the personnel files requested, in *Burt v. Charter Commc'ns, Inc.,* 2017 WL 3912342, at *2 (E.D. Mo. Sept. 5, 2017) and *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 69 (E.D. Mo. 1995), courts of this district held that personnel files (or portions thereof) were discoverable in employment discrimination cases when material contained in them was relevant or at least reasonably calculated to lead to the discovery of admissible evidence.  See also *Missouri Nat. Educ. Ass'n v. New Madrid Cty. R-1 Enlarged Sch. Dist.*, 810 F.2d 164, 166 (8th Cir. 1987) (court erred in denying discovery of nonparty personnel files that contained evidence that could have shown pretextual nature of terminations at issue).

As to the remaining information requested by Plaintiff, a plaintiff "must be given access to information that will assist the plaintiff in establishing the existence of the alleged discrimination."  *Lyoch,* 164 F.R.D. at 65.  The information and documents requested will prove what Plaintiff has alleged: Defendants pattern of firing or forcing out highly qualified long-term Caucasian employees of the CAO based upon their race and/or age.  Given the importance of ensuring that race does not play a role in the hiring and firing decision of the Circuit Attorney, who must provide equal justice to all, the information requested is proportional to the needs of the case because it is the evidence that will establish the discrimination that Plaintiff alleges.

---

[1] While Defendants claim Mr. Dockery retired, he told Plaintiff he was fired.

        Respectfully submitted,

        PLEBAN & PETRUSKA LAW, LLC

by:     /s/ Lynette M. Petruska
        Lynette M. Petruska, MO Bar No. 41212
        lpetruska@plebanlaw.com
        2010 South Big Bend Blvd.
        St. Louis, MO 63117
        (314) 645-6666 - Telephone
        (314) 645-7376 - Facsimile

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via the Court's ECF System this 18th day of February, 2020, upon all attorneys of record.

        /s/ Lynette M. Petruska