**RESPONSE:** **Defendant OCA will produce the written job description.**

12. All documents considered by Defendants before Kimberly Stevens was selected to fill the open Paralegal Assistant position in the Child Support Unit.

**RESPONSE:** **None.**

13. Kimberly Stevens personnel file, excluding medical records.

**RESPONSE:** **Objection. This request seeks private, personal and confidential information regarding an employee of the OCA. The request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

14. Any documents/analysis relating and/or pertaining to the reduction of staff in the Warrant Office since Defendant Gardner took office.

**RESPONSE:** **Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

15. Any documents relating to the staffing of the Warrant Office from the time Defendant Gardner took office to the present, including but not limited to any employee list/roster.



EXHIBIT 1

**RESPONSE:** **Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

19. Any applications submitted for the Chief Clerk position filled by Eula Simmons.

**RESPONSE:** **Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

20. Any documents considered by Defendants before Eula Simmons was promoted to Chief Clerk after Defendant Gardner took office.

**RESPONSE:** **Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

21. The personnel files of Robert Steele, Michael Warrick, and Eula Simmons, excluding medical records.

**RESPONSE:** Objection. This request seeks private, personal and confidential information regarding current and former employees of the OCA. The request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

22. Any documents relating and/or pertaining to the meetings held with the Child Support Division's support staff and team leadership after John Dockerty's retirement.

**RESPONSE:** Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving this objection, Defendant OCA has produced documents relating to the January 5, 2018 meeting involving Plaintiff, Mr. Warrick and Ms. Simmons.

23. Any documents relating and/or pertaining to the decision to move Plaintiff into a different office and/or any request made by Plaintiff for privacy that resulted in such move.

**RESPONSE:** Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

8

the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving this objection, Defendant OCA has produced documents responsive to this request.

32. John Dockery's personnel file, excluding medical records.

**RESPONSE:** **Objection. This request seeks private, personal and confidential information regarding a former employee of the OCA. The request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

33. Any nonprivileged documents relating and/or pertaining to the allegation that Don Tisaby committed perjury in Defendant Gardner's presence, to include but not be limited to any actions by Defendant Gardner after this occurred to correct/clarify the record.

**RESPONSE: :** **Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, the Court has already ruled to strike the allegations contained in her Complaint regarding the subject of this request pursuant to Rule 12(f) as any immaterial, impertinent.**

34. Any documents supporting the decision to indict Governor Eric Greitens for invasion of privacy.

12

**RESPONSE:** : Objection. This request violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, the Court has already ruled to strike the allegations contained in her Complaint regarding the subject of this request pursuant to Rule 12(f) as any immaterial, impertinent.

35. Any documents relating and/or pertaining to the termination of any employees of the Circuit Attorney's Office since Defendant Gardner took office.

**RESPONSE:** Objection. This request seeks private, personal and confidential information regarding former employees of the OCA. The request also violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

36. Any documents showing the reasons employees of the Circuit Attorney's Office resigned or retired after Defendant Gardner took office.

**RESPONSE:** Objection. This request seeks private, personal and confidential information regarding former employees of the OCA. The request also violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues

at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

37. Any documents relating and/or pertaining to the hiring of new employees in the Circuit Attorney's Office since Defendant Gardner took office, to include but not be limited to any job announcements, applications, documents relating to any interviews and/or the scoring of candidates, and any documents considered before the hiring of the successful applicant.

**RESPONSE:** **Objection. This request seeks private, personal and confidential information regarding current and former employees of the OCA. The request also violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

38. Defendant's personnel manual, employee manual, handbook, and/or any policies and procedures manual.

**RESPONSE:** **Defendant OCA will produce this document.**

39. Any documents evidencing Plaintiff's receipt or acknowledgement of any policies, procedures, and/or policies/procedures manual of the Circuit Attorney's Office.

**RESPONSE:** **The documents in which Plaintiff acknowledged that she had received and reviewed the OCA's Office Personnel Policy have already been produced.**