**ANSWER:**   Objection.  The relevant time period in this case would be from the time Ms. Gardner took office (1/1/17) to the time Plaintiff's employment was terminated (1/26/18). Subject to this objection,  no such training has been required during this time period.

11.    Since Defendant Gardner took office, please identify all communications with employees of the Circuit Attorney's Office about the Office's policies against workplace discrimination and the procedures to report, prevent, and correct workplace discrimination as alleged in Affirmative Defense I.

**ANSWER:**   Objection.  The relevant time period in this case would be from the time Ms. Gardner took office (1/1/17) and the time Plaintiff's employment was terminated (1/26/18). Subject to this objection,  all employees of the OCA agreed to abide by the OCA's written policies against workplace discrimination when they were hired.  These policies remained in place when Ms. Gardner took office.

12.    Please identify all employees of the Circuit Attorney's Office of the City of St. Louis on the day Defendant Gardner took office.  As to each person identified, please state:

        a.    The date s/he was hired,
        b.    His/her date of birth and race,
        c.    His/her position with the Circuit Attorney's Office
        d.    Whether s/he is still employed by the Circuit Attorney's Office,
        d.    If not still employed by the Circuit Attorney's Office, the date s/he stopped working for the Circuit Attorney's Office;
        e.    Why the individual is no longer working for the Circuit Attorney's Office (e.g. resigned, retired, fired) and why s/he was fired or retired/resigned, if known by you.

**ANSWER:**   Objection.  The OCA objects on the grounds that this interrogatory violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

8



relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Specifically, the interrogatory does not seek relevant information proportional to the needs of the case under the factors set forth in Rule 26(b)(1) because it seeks detailed information regarding all employees of the OCA, including the reasons they may have left the OCA, without any effort to limit the requested information to individuals similarly situated to plaintiff in all relevant respects; instead, the interrogatory indiscriminately seeks highly personally information about all employees of the OCA since January 1, 2017. *See Blackwell v. Alliant Techsystems, Inc.,* 822 F.3d 431, 435 (8th Cir. 2016).

13.     Please identify all individuals hired by the Circuit Attorney's Office since Defendant Gardner took office.  As to each individual identified, please state:

      a.     Who was involved in the hiring decision;
      b.     His/her position with the Circuit Attorney's Office; and
      c.     The age and race of the employee.

**ANSWER:**   **Objection.  The OCA objects on the grounds that this interrogatory violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

**Specifically, the interrogatory does not seek relevant information proportional to the needs of the case under the factors set forth in Rule 26(b)(1) because it seeks detailed**

information regarding the hiring efforts, activities and decisions regarding all applicants for employment at the OCA since January 1, 2017.   The interrogatory makes no effort to limit the requested information to individuals similarly situated to plaintiff in all relevant respects; instead, the interrogatory indiscriminately seeks highly personally information about all employees of the OCA since January 1, 2017.   *See Blackwell v. Alliant Techsystems, Inc.,* 822 F.3d 431, 435 (8th Cir. 2016).

14.   Please identify and describe in detail any complaints made by employees of the Circuit Attorney's Office regarding their treatment by Defendant Gardner and/or her leadership team since Defendant Gardner took office.  As to each complaint, please identify the complainant and his/her race and age.

**ANSWER:  Defendant incorporates its objection and response to Interrogatory No. 5 as if fully stated herein.  In addition to these objections, Defendant objects to this interrogatory to the extent is seeks information regarding "complaints" made by employees regarding the OCA's "leadership team."   Defendant OCA did not attempt to catalogue every "gripe" by the nature of the gripe or the person making it.**

15.   Please state Maurice Foxworth's position at the Circuit Attorney's Office, describe his role in the office, to include but not be limited to his involvement in hiring and firing employees of the Circuit Attorney's Office, to include but not be limited to Plaintiff.

**ANSWER:   For the reasons set forth in Defendant Motion to Strike, Defendant objects to this Interrogatory.**

16.   Please identify the person who took Plaintiff's position after Plaintiff was terminated.  Additionally, please provide her age and race and salary and benefits.

**ANSWER: None.**

communication; and

d.     Whether any documents relating or pertaining to such communication exists, and if so, produce the same.

**ANSWER:** **The Circuit Attorney recalls no other such communications beyond what she identified in response to Interrogatory No. 13.**

17.     Please identify and describe in detail any communications you had with John Dockery relating and/or pertaining to his job, job performance, and/or retirement, resignation, or termination. As to each communication identified, please state:

a.     The time, and location of each communication;
b.     The nature of each communication (e.g. phone call, email, in-person meeting);
c.     The name and address of each person present or included in the communication; and
d.     Whether any documents relating or pertaining to such communication exists, and if so, produce the same.

**ANSWER:** **Objection. The Circuit Attorney objects on the grounds that this interrogatory violates the rule of proportionality set forth in Rule 26(b)(1) by seeking information that is not relevant to the case and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

**Specifically, the interrogatory does not seek relevant information proportional to the needs of the case under the factors set forth in Rule 26(b)(1) because Mr. Dockery is not an individual similarly situated to plaintiff in all relevant respects. *See Blackwell v. Alliant Techsystems, Inc.,* 822 F.3d 431, 435 (8th Cir. 2016). Further, Mr. Dockery resigned his employment, has filed no charge of discrimination with the EEOC or MCHR, and has filed**

10

no suit or other proceeding alleging discrimination of any kind.  Finally, The Circuit Attorney will not reveal private and personal information regarding other former OCA employees.

18.     Please identify and describe in detail any communications you had with any other supervisory or human resources employee of the Circuit Attorney's Officer relating and/or pertaining to John Dockery's job, job performance, or resignation, retirement, and/or termination.  As to each communication identified, please state:

 a.   The date, time, and location of each communication;
 b.   The nature of each communication (e.g. phone call, email, in-person meeting);
 c.   The name and address of each person present or included in the communication; and
 d.   Whether any documents relating or pertaining to such communication exists, and if so, produce the same.

**ANSWER:**  The Circuit Attorney incorporates her response to Interrogatory No. 17 as if fully set forth herein.

Respectfully Submitted,

/s/ David H. Luce
David H. Luce, #36050MO
Jason K. Turk, #58606MO
BLITZ, BARDGETT & DEUTSCH, L.C.
120 S. Central Avenue, Ste. 1500
St. Louis, Missouri 63105
(314) 863-1500
(314) 863-1877 (facsimile)
dluce@bbdlc.com
jturk@bbdlc.com

11