IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY WOODS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-01401-SRC |
| ) | |
| THE CIRCUIT ATTORNEY'S OFFICE ) | |
| OF THE CITY OF ST. LOUIS, et al. ) | |
| ) | |
|     Defendants. ) | |

## MOTION TO ORDER DEFENDANT KIMBERLY GARDNER
## TO APPEAR FOR DEPOSITION

COMES NOW Plaintiff, by and through counsel, and requests that this court order Defendant Kimberly Gardner to appear to complete her deposition before trial and in support of this motion Plaintiff states:

1. On January 24, 2020, Plaintiff requested that Defendants provide deposition dates in this case.[1] This request was delayed because Defendants initially produced only Plaintiff's personnel file (to include documents related to her termination) in response to discovery, requiring attempts to resolve these disputes before depositions could be taken and the discovery disputes to be taken up with the Court.

2. Pursuant to the Court's Case Management Order, the discovery deadline was March 13, 2020. Therefore, when Defendants had not provided any deposition dates by February 5, 2020, Plaintiff served Notices of Depositions on Defendants to ensure that necessary depositions would take place before the discovery deadline. When sending the Notices, Plaintiff made it clear that she would be happy to move any depositions scheduled to a more convenient

---

[1] Consistent with this Court's guidelines, no emails are attached but are available should the court wish to see them.

date and/or time for any witness.

3. Because no alternative dates were requested for these depositions, on February 21, 2020, Plaintiff served Amended Notices of Depositions, which only changed the location of the depositions to defense counsel's new office. It was not until February 25, 2020, 17 days before the discovery deadline, that defense counsel claimed for the first time that deposition dates provided on February 5 would not work and that he would have to contact his clients to determine their availability. Ultimately, every deposition was rescheduled to accommodate the deponent or defense counsel's schedule, other than Defendant Gardner and a former employee of the office, who was subpoenaed by Plaintiff.

4. In an Order dated February 26, 2020, this Court granted, in part, Plaintiff's Motion to Compel, ordering Defendant Circuit Attorney's Office to answer Interrogatory Nos. 12 and 13, requesting information about hiring and firing decision since Defendant Gardner took office. Defendants were also ordered to produce designated portions of various personnel files. The court ordered this discovery to be produced no later than March 6, 2020.

5. On February 28, 2020, defense counsel represented that Defendant Gardner would be unavailable for deposition any time before the close of discovery as part of the ongoing effort to prevent necessary discovery before the discovery deadline as detailed above.[2]

6. On February 29, 2020, defense counsel stated that Defendant Gardner would appear for deposition on March 6, 2020, after representing just the day before that she could not possibly make herself available before the close of discovery. Defendant Gardner never

---

[2] During the telephone conference held on March 6, 2020 attached as Exhibit 1, defense counsel argued that Plaintiff's claim that he was "gaming the system" by withholding this discovery until after Defendant Gardner's deposition was "just flat wrong." Telephone Conference Tr. 10:13-11:5. Gaming the system must have been on counsel's mind as undersigned counsel never said this when she advised the Court she would be asking it to reconvene this depositions at a later date because documents had not been produced before it. Telephone Conference Tr. 3:1-5.

2

provided an alternative date before the close of discovery so that her deposition could be taken after the production of documents to avoid taking her deposition twice.

7.      Prior to Defendant Gardner's deposition, Plaintiff made it clear that in order to avoid having to bring Defendant Gardner back to complete her deposition, the discovery the court ordered produced would have to be provided before her deposition.  This did not occur, preventing the completion of Defendant Gardner's deposition on the day she appeared.

8.      Plaintiff stated at the beginning of Defendant Gardner's March 6, 2020 deposition that it could not be completed because of the failure to produce the Court ordered discovery before it began.  Defendant made it clear that Defendant Gardner would not be produced to complete her deposition absent a court order, even though she could have produced the discovery ordered by the Court before her deposition or provided another date for the taking of her deposition after the production of this discovery.  Plaintiff files this motion as a result.

9.      The discovery produced does not comply with the Court's Order, which is the subject of a separate Motion for Sanctions that is incorporated by reference herein.  Should this Court impose sanctions because of the failure to produce all documents ordered this would be another reason to require Defendant to appear to complete her deposition.

10.     During her deposition, Defendant Gardner testified under oath that she fired only three employees of the Circuit Attorney's Office since she took office in January 2017.  Plaintiff and another employee identified by Defendant Gardner are Caucasian.  The other employee identified by Defendant Gardner as having been terminated by her is African American.  The records produced by Defendants after the deposition was completed show that this employee resigned, contrary to Defendant Gardner's testimony, depriving Plaintiff of the opportunity to fully question her about this employee's separation from her office.  Other deposition testimony

3

established that all termination decisions are made by Defendant Gardner, meaning she participated in each termination.  Records produced by Defendants show that 12 employees have been fired by Defendant Gardner since she took office, not the 3 claimed.  Nine employees who worked for the Circuit Attorney's Office prior to Defendant Gardner becoming Circuit Attorney were fired by her according to the records produce.  All of them are Caucasian (only 3 were executive level staffers).  Plaintiff was prevented from effectively questioning Defendant Gardner about these terminations because the necessary documents were not produced until after her deposition.  A Caucasian employee that Defendants claim "resigned" in the documents produced actually sent a letter stating that she was fired and did not resign.  Plaintiff was not given the opportunity to question Defendant Gardner as to why her office misrepresented the termination of this Caucasian employee and whether other purported resignations were also misrepresented.

11.     Questions about other information contained in the discovery produced after Defendant Gardner's deposition must be asked of her because her Chief of Staff, Defendant Warrick, could not answer them.

12.     Additionally, Plaintiff was not provided personnel files ordered to be produced by the Court until after the completion of Defendant Gardner's deposition, to include but not be limited to those of the Caucasian attorney manager of the Child Support Unit and the African American who replaced Plaintiff as a paralegal in the same unit. While Defendants Steele and Gardner both testified that the attorney manager voluntarily retired, this employee will testify that he retired only to avoid being fired by Defendant Gardner.  If Plaintiff had the compete personnel file ordered produced by the Court and other discovery ordered produced prior to Defendant Gardner's deposition, this discovery would have been used to effectively question

4

Plaintiff about firing highly qualified long-term Caucasian employees to replace them with African American employees.

13. Plaintiff should also be permitted to ask Defendant Gardner additional questions about the personnel file of the African American employee who replaced her because it was only 13 pages long, showing it could have easily been produced before Defendant Gardner's deposition.

14. Should this Court order Defendant Gardner to answer the questions certified in Plaintiff's separately filed motion, she will be required to appear to complete her deposition. Since she will already have to appear, Plaintiff should also be permitted to make inquiry about discovery produced only after her deposition.

15. Plaintiff further requests that she be permitted to question Defendant Gardner about the Missouri Ethics Commission complaint filed against her and her campaign treasurer. Plaintiff recognizes that this Court previously prohibited Plaintiff from making inquiry into this complaint. However, Defendant Gardner testified that her co-defendant in the Ethics Commission complaint is the same person who replaced Plaintiff as a paralegal in the Child Support Unit, even though she had no experience or training as a paralegal.

16. Defendant Gardner's deposition lasted only 4 hours and 35 minutes. She could have produced the documents ordered produced before her deposition or could have provided a date after the production of the documents for the taking of her deposition but chose not to do so in order to prevent Plaintiff from questioning her about discovery this Court concluded should not have been withheld from Plaintiff. This request is not made for an improper purpose but to complete necessary discovery, which Defendants have gone to great lengths to prevent.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order requiring

Defendant Gardner to appear to complete her deposition and for such other and further relief as this Court deems proper.

                                                      Respectfully submitted,

                                                      PLEBAN & PETRUSKA LAW, LLC

by:     /s/ Lynette M. Petruska
Lynette M. Petruska, MO Bar No. 41212
lpetruska@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served via the Court's ECF System this 24th day of March, 2020, upon all attorneys of record.

                                                      /s/ Lynette M. Petruska