## Page 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NANCY WOODS,              )
                          )
            Plaintiff,    )
                          )
       vs.                ) No. 4:19-CV-01401-SRC
                          )
THE CIRCUIT ATTORNEY'S    )
OFFICE OF THE CITY OF     )
ST. LOUIS, et al.,        )
                          )
            Defendants.   )

TELEPHONE CONFERENCE WITH
JUDGE THOMAS C. CLARK, II
Held at the deposition of Kimberly Gardner
March 6, 2020

Reported by Debra L. Burris, CSR, CCR
MO Lic. No. 789 * IL Lic. No. 084-004545

Sturm Reporting Services, Inc.
2144 Gray Avenue
St. Louis, MO 63117
Phone: 314.645.8777 * Fax: 314.781.1909

## Page 2

1  JUDGE CLARK: Okay. So this is
2  Judge Clark. I've been called by Counsel in
3  the case with respect to some issues that have
4  come up in the deposition. And I understand
5  Plaintiff seeks to inquire as to matters
6  relating to the investigation and prosecution
7  of former Governor Eric Greitens, an ethics
8  complaint, as well as suits filed by Ms.
9  Gardner against the City claiming a race
10 conspiracy. Is that correct, Counsel?
11     MS. PETRUSKA: Yes, Judge, that is
12 a fair summary of what I've said off the
13 record.
14     JUDGE CLARK: Okay. So that
15 said -- and then Mr. Luce I want to hear from
16 you in a moment, but before I do I want to
17 hear from you, Ms. Petruska, on what evidence
18 thus far is there in the case of a pattern of
19 racial discrimination by Ms. Gardner?
20     MS. PETRUSKA: A pattern? In --
21 many of the depositions we have taken so far
22 have not involved high-level people. Today is
23 the first time I'm going to be able to really
24 ask questions about termination decisions and
25 things like that. But there is evidence -- I

## Page 3

1  mean even without the documents you have
2  ordered to be produced, because they have not
3  been produced for purposes of this deposition,
4  and we'll be coming back to you and asking you
5  to reconvene this deposition as a result, but
6  there is evidence that a number of attorneys
7  in the office have been, have either quit or
8  been fired, that some of those attorneys quit,
9  but they quit or retired under the threat of
10 termination. I mean in this office alone,
11 Judge, the evidence shows there was a white
12 attorney that was the head of the trial
13 division, he had been there for years and
14 years and years. He was forced to retire
15 under threat of termination and replaced by a
16 black employee, or an African American
17 employee. The same I think the evidence shows
18 is true with respect to my client. She was
19 there for 28 years, served under multiple
20 circuit attorneys, she was fired, I think the
21 evidence already shows, for pretextual
22 reasons, and then replaced by a black, or an
23 African American support staff member. So I
24 think even in that small office we can show a
25 pattern of discrimination -- or that small

## Page 4

1  section, I'm sorry, Judge, small section of
2  the office.
3      JUDGE CLARK: Okay. Understood.
4  So what evidence is there that the Greitens'
5  investigation and prosecution was racially
6  motivated as opposed to politically motivated
7  or had other motivations?
8      MS. PETRUSKA: You know, again,
9  this is the first person I can ask about those
10 issues. When you issued your order, you had
11 stated that we were early in the case and
12 that, you know, that there might be that
13 connection. This is the witness I can ask
14 about that connection, Judge. I mean, I -- I
15 think there was, there was flimsy evidence in
16 that case, I think it was highly unusual to
17 prosecute a sitting governor before you had
18 the key piece of evidence, and I think -- I
19 think the evidence is going to show that
20 because he was a white conservative -- not
21 just because he was a conservative and of a
22 different party, but he was a white
23 conservative -- that this prosecution went
24 forward.
25     JUDGE CLARK: Well what connection

Page 5

1  does that have to -- even if we assume that is
2  true -- there isn't evidence of it yet as I
3  understand it -- but what connection does that
4  have for Nancy Woods' case?  And let me
5  preface that by saying, this is a prosecution
6  of a public official, someone who is external
7  to the Circuit Attorney's Office.  Whereas Ms.
8  Woods was an employee of the Circuit
9  Attorney's Office.  So if there is external
10 racial animus or political motivation or other
11 motivation versus internal racial
12 discrimination, those seem to be two different
13 things.  So help me understand how there is a
14 nexus or a connection between those two that
15 ultimately gets to discoverable evidence and
16 to evidence that's proportional to the needs
17 of this case.
18       MS. PETRUSKA:  So -- I'm sorry --
19 I'm sorry, Judge, did I cut you off?
20       JUDGE CLARK:  No, go ahead.
21       MS. PETRUSKA:  So, again, Ms.
22 Gardner is the final decisionmaker.  If she
23 has a racial animus or a racial hostility
24 towards Caucasians -- and I do think that
25 there is going to be other evidence that's

Page 6

1  going to develop in the deposition that is
2  going to show that -- I think that then it is,
3  if there is a general hostility towards people
4  of a certain race by a decisionmaker, that
5  allows the jury to make a reasonable inference
6  that that hostility more than likely motivated
7  the decision.  Just like in any other
8  employment case, if, for example, the
9  decisionmaker was using racial slurs in
10 general but was not directing them towards the
11 particular individual, that would be evidence
12 that the decision was more likely than not
13 race based because of the general animus or
14 hostility towards the race.  I do want to add,
15 Judge, too, that with some of the stuff in the
16 Greitens' investigation and the way things
17 were handled, it doesn't just go to racial
18 animosity, but to the general credibility of
19 the witness, which is always fair game.
20       JUDGE CLARK:  All right.  Mr. Luce?
21       MR. LUCE:  Yes, Judge.  Good
22 morning.  So your order on our motion to
23 strike stated that while the litigation was in
24 the early stage, the Court may reconsider this
25 order if Woods demonstrates a sufficient nexus

Page 7

1  between her claims and the Greitens'
2  investigation and the claims against the
3  investigator, the prosecution that is ongoing
4  this month against, or I think going to trial
5  this month against Mr. Tisaby.  There is no
6  connection, Judge.  There has been no nexus
7  between those two events shown to this point.
8  Nothing that Ms. Petruska just said
9  establishes a nexus.  The prosecution of
10 Governor Greitens was an act of the sitting
11 Circuit Attorney of the City of St. Louis, it
12 was within her discretion to initiate that
13 prosecution, she has absolute immunity for
14 that decision, as the Court knows, and that
15 prosecution is completely irrelevant.  This is
16 an effort to harass this witness and to get
17 into things that have some traffic in the
18 court of public opinions, but have no traffic
19 in a court of law.  This witness is here to
20 testify about personnel decisions, she is
21 going to be fully cooperative in testifying
22 about the decisions she made about Ms. Woods.
23 But Counsel clearly wants to get into all
24 kinds of tangents here that are designed to
25 embarrass and harass this witness, and not

Page 8

1  designed to further the cause of this case.
2  So we object to this inquiry.  There has been
3  no nexus shown between the Greitens'
4  investigation and what happened to Ms. Woods,
5  and we ask the Court to sustain our objection
6  to that line of inquiry.
7       JUDGE CLARK:  Let me ask this, is
8  there an overlap of personnel making the
9  charging decisions and making the personnel
10 decisions?  In other words, are some of the
11 same people involved in those two decisions or
12 are the separated within the office?  What is
13 the evidence on that, Mr. Luce?
14       MR. LUCE:  No overlap.  I mean, Ms.
15 Gardner as the City Circuit Attorney obviously
16 has ultimate charging authority, and Ms.
17 Gardner made the decision to terminate Ms.
18 Woods.  So there is overlap to that extent.
19 Ms. Woods was not in the office -- Ms. Woods
20 worked for the child support unit, so she was
21 not in the office, the portion of the office
22 that tried the Greitens' case or the portion
23 of the office that was involved in the
24 Greitens' case in any way, shape or form.
25       MS. PETRUSKA:  Judge, Mr. Steele, I

Page 9

1  understand from his testimony, was also
2  involved in the Greitens' prosecution, and he
3  is a defendant in this case.
4       JUDGE CLARK: Okay. Well, here is
5  what I'm going to do, is I'm going to allow
6  you to inquire into the functions in the
7  office and who in the office is making the
8  charging decisions, who in the office is
9  making the personnel decisions, and what, if
10 any, overlap there is between the two. Those
11 are within the scope of discovery of what the
12 allegations are in this case. With respect to
13 getting into the underlying issues on the
14 investigation and prosecution of former
15 Governor Greitens, I'm not going to allow that
16 line of inquiry at this time, nor into the
17 ethics complaint, nor into the suit against
18 the City that Ms. Gardner has filed at this
19 time. You mentioned potentially seeking to
20 reconvene this deposition because of
21 additional documents that have yet to be
22 produced. I'm not suggesting that I want to
23 invite a whole bunch of phone calls during
24 depositions, but it strikes me that to the
25 extent those documents may shed light on these

Page 10

1  issues and how there may be some nexus, if
2  any, between the termination of Ms. Woods and
3  the other issues, then we can determine
4  whether to get into those in the deposition,
5  okay. We need to keep this case within the
6  scope of what the allegations in the case are.
7  And I recognize your arguments with respect to
8  credibility of the witness, but it seems to me
9  based on the information you already have you
10 have sufficient evidence to use with respect
11 to credibility and to show the credibility
12 issues to the jury.
13      MR. LUCE: And, Judge, I neglected
14 to comment on the document question. Your
15 order on the Motion to Compel requires us to
16 produce those documents by today. We have
17 people working as we speak collecting the
18 information that you asked for. So the
19 suggestion that I have been withholding
20 documents, or gaming the system, I think was
21 Ms. Petruska's language, is just flat wrong.
22 We're working hard to comply with your order,
23 and we believe we'll be able to produce those
24 documents, but it's not going to be before
25 this deposition started. And this deposition

Page 11

1  was set by Ms. Petruska for today, and we're
2  just complying with her notice. So the
3  suggestion that we're gaming, I just want the
4  Court to know we're not. We are working hard
5  to comply with your order.
6       JUDGE CLARK: Well, we don't need
7  to get into that issue right now. There is no
8  live issue before the Court with respect to
9  the production of documents, there is no
10 motion before the Court, so I'm not going to
11 address that issue. I understand your
12 respective positions on it. I will say this,
13 make sure you produce everything that I've
14 ordered, make sure you produce it on time,
15 make sure you comply with this order. Keep
16 the case on schedule. Keep to the schedule
17 that I have set.
18      MR. LUCE: Will do, Judge.
19      MS. PETRUSKA: Judge, if I may, I
20 just want to ask one clarifying question. I
21 think I understand this based on what you
22 said, but as you know in the Greitens' case
23 there have been a number of issues raised
24 related to whether Ms. Gardner sat by while
25 her investigator in the case committed

Page 12

1  perjury. Which again I believe goes to the
2  issue of credibility. I just want to be
3  clear, are you, are you telling me that at
4  that point I cannot ask any questions about
5  those issues as they relate to Ms. Gardner and
6  Mr. Tisaby as well?
7       JUDGE CLARK: Well, Ms. Petruska,
8  tell me, what would you inquire of that would
9  establish more about credibility other than
10 what you just told me?
11      MS. PETRUSKA: I mean, that is,
12 that is basically what it would be. I mean,
13 those issues have obviously been in the public
14 record. I want to get her position on those,
15 whether it happened or not. And again, it
16 would relate to issues of credibility down the
17 road, you know, and that would be the purpose
18 of the inquiry.
19      JUDGE CLARK: Well, let's just play
20 this out. So you're going to ask her and
21 presumably she's going to deny that it
22 happened, right? And -- or she's going to
23 admit possibly, but it sounds to me more like
24 she's going to deny that it happened. Then
25 what? Then are we going to get into a mini

Page 13

```
 1  trial and a mini set of discovery on whether
 2  it happened or not? And then now we're going
 3  to have that issue in this case?
 4          MS. PETRUSKA: Well, you know --
 5          JUDGE CLARK: In other words, how
 6  is this going to play out at trial? Because,
 7  you know, I have to enter orders that, with
 8  respect to discovery, that are proportional to
 9  the meat of the case. This case is about
10  whether there was racial discrimination
11  against Nancy Woods with respect to her
12  termination. And so I'm having trouble seeing
13  how, what the connection is. I get
14  credibility.
15          MS. PETRUSKA: Right.
16          JUDGE CLARK: Every witness's
17  credibility is an issue. But how much beyond
18  her saying it didn't happen and you saying it
19  did happen are we going to have to get into in
20  this case to establish there is credibility, a
21  credibility issue for the jury to consider on
22  that particular point?
23          MS. PETRUSKA: No, I agree with you
24  on that, Judge. On that particular point it
25  would just be making the issue for credibility
```

Page 14

```
 1  determinations down the road so that I'd have
 2  a record on that to prepare for trial.
 3          JUDGE CLARK: So I'll allow you
 4  then to inquire into Ms. Gardner's position on
 5  whether she sat by, if you will, as you say
 6  while an investigator lied --
 7          MS. PETRUSKA: Okay.
 8          JUDGE CLARK: -- on her position,
 9  A, whether that occurred, and I think, B, to
10  the extent to which it occurred if she agrees
11  that it occurred; okay?
12          MS. PETRUSKA: Okay.
13          JUDGE CLARK: But beyond that I
14  don't see how it's proportional to the needs
15  of the issues in this case.
16          MR. LUCE: And, Judge, can I just
17  make my record, I mean, Ms. Gardner has not
18  been charged with suborning perjury, she's not
19  -- other than the St. Louis Post Dispatch
20  she's not been accused by any credible source
21  of doing so -- and I use air quotes on
22  claiming that St. Louis Post Dispatch is
23  credible. There is a trial set for the end of
24  this month by the Special Prosecutor against
25  Mr. Tisaby. And it seems to me that this is
```

Page 15

```
 1  an effort again to kind of go around the
 2  regular, to use the discovery process in this
 3  case to try to bootstrap some evidence for
 4  that case. We know that Ms. Petruska's office
 5  has a history of representing the police
 6  union, that the union's involved in these
 7  allegations, the police department's involved
 8  in these allegations, and we just think that
 9  this is an effort to use the discovery process
10  here to harass this witness, and not for
11  purposes of trying to figure out whether there
12  is merit to Ms. Woods' claims.
13          JUDGE CLARK: Your record has been
14  duly noted, Mr. Luce, and your position is
15  noted on the record. I don't think that my
16  order is going to be upsetting the balance on
17  that by allowing her that limited inquiry that
18  I've allowed. So I -- to the extent you're
19  asking me to modify my order, I'm denying
20  that. I'm not sure if that's what you're
21  doing, but I'm not going to modify that order.
22  I understand your point, but my order is very
23  limited. And Ms. Petruska, I expect you to
24  live within the confines of that very limited
25  order that I've, the inquiry that I've
```

Page 16

```
 1  permitted.
 2          MS. PETRUSKA: Understood, Judge.
 3  With respect to Ms. Gardner's own lawsuit
 4  though, that alleges racism. I mean she
 5  alleges a racist conspiracy against her by
 6  various city officials and things like that.
 7  I mean, this whole, my whole case is about
 8  race. So, you know, in terms of her lawsuit
 9  and perceptions of racism, I think that is
10  kind of the core of my case as well.
11          JUDGE CLARK: Okay. So I'm not
12  sure where you're going with that? Are you
13  asking me to do something?
14          MS. PETRUSKA: So with inquiry
15  about her lawsuit, not necessarily looking
16  into the underlying facts and claims of her
17  lawsuit, but I think it reflects her attitudes
18  about race and racism again, and that's a fair
19  line of inquiry in this case.
20          JUDGE CLARK: Well, I've already
21  made my ruling, and I'm not going to change my
22  ruling. So I hope my ruling is clear. It
23  doesn't sound like you're asking me to
24  clarify, you're just asking me to reconsider,
25  and I'm not going to do that.
```

Page 17

1    MS. PETRUSKA: Yes. Judge, right,
2 my understanding is, is I cannot make any
3 inquiry into her currently-pending lawsuit.
4    JUDGE CLARK: Correct. Or the
5 ethics complaint or the Greitens'
6 investigation.
7    MS. PETRUSKA: Correct.
8    MR. LUCE: And then just one last
9 thing just for the record. The inquiries that
10 you have allowed, I request that those
11 portions of this deposition be sealed under
12 the protective order that the Court has
13 entered.
14    JUDGE CLARK: Well, I think the
15 protective order already permits you to
16 designate materials under seal.
17    MR. LUCE: It does. I just want to
18 make sure everybody in this room understands
19 that this inquiry cannot be used outside of
20 this lawsuit.
21    JUDGE CLARK: Those are two
22 different issues. You can designate it under
23 seal and under the protective order that's
24 been entered in this case within the confines
25 of what that order says. I don't have that

Page 18

1 order in front of me, so I'm not going to get
2 into what is or is not within the permissible
3 scope of that protective order and what other
4 purposes the information may be used for,
5 because it's all going to be subject to that
6 order. You're not asking me to reconsider or
7 modify that order, so --
8    MR. LUCE: I am not.
9    JUDGE CLARK: -- I'm not going to
10 do that on the fly at a deposition, you know,
11 during the course of the deposition.
12 Designate it under the auspices of the
13 existing order, and then, you know, to the
14 extent somebody wants to use it on some other
15 context, well, that's a different issue for a
16 different day.
17    MR. LUCE: Understood.
18    JUDGE CLARK: So we don't need to
19 get into that. I'm not going to venture off
20 into areas that I don't need to. But one
21 thing I am going to order you to do is to
22 provide to the Court this portion of the
23 deposition transcript that, where you have had
24 me here on the record. I need to have that in
25 the file for future reference.

Page 19

1    MR. LUCE: Will do, Judge.
2    JUDGE CLARK: Okay. All right.
3 Thank you all. Court is being recessed. You
4 can go back to the deposition and continue on
5 with the auspices within the permitters that I
6 set here.
7    MR. LUCE: Great.
8    MS. PETRUSKA: Thank you, Judge.
9    MR. LUCE: Thanks for your time,
10 Judge.
11    JUDGE CLARK: Thank you. All
12 right. Bye-bye.