IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-01401-SRC |
| | ) | |
| THE CIRCUIT ATTORNEY'S OFFICE | ) | |
| OF THE CITY OF ST. LOUIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINITFF'S MOTION FOR SANCTIONS

COMES NOW Plaintiff, by and through counsel, pursuant to Fed.R.Civ.P. 37(b) and requests this Court to impose sanctions because of Defendants' failure to comply with this Court's discovery Order and for this motion states as follows:

1. On February 26, 2020, this Court ordered Defendant Circuit Attorney's Office to answer Interrogatory Nos. 12, 13, 17 and 18. Defendants were also ordered to produce the personnel file of the former manager of the Child Support Unit, as limited by the Court's Order (RFP. No. 32), as well as documents relating to the termination of any employees of the Circuit Attorney's Office during Defendant Gardner's tenure (RFP No. 35), among other things.

2. On March 6, 2020, Defendant produced the discovery that was supposed to be responsive to this Court's Order.  During the telephone conference with the Court on this same day the court stated: "make sure you produce everything I've ordered, make sure you produce it on time, make sure you comply with this order…"  To which defense counsel responded, "Will do, Judge."

3. Consistent with Interrogatory No. 12, Defendant was ordered to identify all employees of the Circuit Attorney' Office on the day Defendant Gardner took office and then

provide additional information regarding each employee identified, to include age, race, and when and why s/he left the office, if applicable.  Plaintiff has information that the following individuals were employed by the Circuit Attorney's Office when Defendant Gardner took office but no information was provided about them: Justin Strayhorn, Betty Blackmon, Katie Tucker, Kimberly Haacke, Kyle Brewer, Brian Foote, Justin Johnson, Jocelyn Mercier, and Kathy Suarez.[1]  Pursuant to Fed.R.Civ.P. 37(a)(4), an incomplete answer is treated as the failure to answer.

       4.       Interrogatory No. 13 asked the Circuit Attorney's Office  to state who was involved in the decision to hire each employee of the Circuit Attorney's Office hired since Defendant Gardner took office.  Defendant responded that the Circuit Attorney makes all hiring decisions.  This was not the question asked.  Pursuant to Fed.R.Civ.P. 37(a)(4), an evasive answer is treated as the failure to answer.  Deposition testimony shows that teams often interview candidates and make a recommendation to the Circuit Attorney, and therefore, are involved in hiring decisions.  Moreover, evidence provided by Defendants show that 55% of employees hired by the Circuit Attorney's Office since Defendant Gardner took office are African American, even though African Americans account for only 45% of the City of St. Louis population and 18% of the greater St. Louis area population.  Plaintiff was fired by African American decisionmakers and alleges discrimination in this decision.  It is equally important to know the decisionmakers involved in hiring decisions to show the racial bias of these decisionmakers in hiring and firing decisions.

       5.       Request for Production No. 32 ordered the production of the personnel file of the

---

[1] The names of the employees at issue have been provided because this information is a public record under Missouri's Sunshine Law.

2

managing attorney for the Child Support Unit, to include performance reviews and discipline records. This employee will testify that he retired because he was told if he did not, he would be terminated. No documents that would justify this threatened termination were produced with the personnel file, which should exist because Defendant Gardner met with this employee to fire him.

6.  Pursuant to Request for Production No. 35, Defendants were ordered to produce any documents relating and/or pertaining to the termination of any employee of the Circuit Attorney's Office since Defendant took office. With the exception of Plaintiff and one other employee, Defendants produced only the form showing that the employee was terminated in response to this request, not any documents supporting the termination. According to documents produced by Defendants, 12 employees have been terminated since Defendant Gardner took office, only 3 of whom were executive staff employees. Defendants have claimed a privilege, which Plaintiff has challenged, related only to 4 employees separated from the Circuit Attorney's Office (2 of which Defendants records show resigned instead of being terminated).[2] Excluding employees terminated because on the executive staff and documents for which a claim of privilege has been made, Defendants have failed to produce documents relating to the terminations of 7 employees as ordered.

7.  Fed.R.Civ.P. 37(b)(2)(A) provides for the following sanctions when a party fails to comply with a discovery order: that designated facts be considered established for purposes of the action as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[2] Because other documents show that one of these employees was terminated and did not resign, the employee is counted in the total number of employees terminated by Defendant Gardner.

3

striking pleadings in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey the order.

       8.      Additionally, Fed.R.Civ.P. 37(b)(2)(C) allows for an award of atorney's fees.

WHEREFORE, for the reasons set forth above, Plaintiff requests that this Court find that Defendants have failed to comply with this Court's February 26, 2020 discovery order, impose the appropriate sanctions, award Plaintiff her attorney's fees related to this noncompliance, and order such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC

by:     /s/ Lynette M. Petruska
Lynette M. Petruska, MO Bar No. 41212
lpetruska@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served via the Court's ECF System this 24th day of March, 2020, upon all attorneys of record.

/s/ Lynette M. Petruska

4