IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:19-CV-01401-SRC |
| | ) | |
| THE CIRCUIT ATTORNEY'S OFFICE | ) | |
| OF THE CITY OF ST. LOUIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' OPPOSITION TO MOTION TO TAKE A SECOND DEPOSITION OF KIMBERLY GARDNER

Defendants, for their Response to Plaintiff's March 27, 2020 Motion to re-depose Kimberly Gardner, state as follows.

1. Plaintiff noticed up Ms. Gardner's deposition for March 6, 2020. This was a date on which Ms. Gardner had previous commitments and, as such, Defendant's counsel requested that the deposition occur on some other date. After much discussion, counsel for the parties were unable to find an available alternate date that preceded the Court's March 13, 2020 discovery cut-off date.

2. On February 26, 2020, the Court entered its Order compelling Defendants to supplement certain discovery responses by March 6, 2020.

3. On February 28, 2020, Plaintiff's counsel emailed Defendants' counsel with an amended notice for the Ms. Gardner's deposition – still set for March 6, 2020. Regarding Defendant's counsel suggestion that the parties attempt to schedule the deposition for a date after the March 13 cut-off and to seek the Court's permission to do so, Plaintiff's counsel replied: "**As we have discussed, you will need to take the issue of her deposition date up with the court *over my objection* and the court will need to decide whether depositions can be taken outside of the discovery deadline.**" *See* Exhibit A. Emphasis added.

4. Given Plaintiff's intransigent position, Ms. Gardner rearranged her schedule and, on February 29, 2020, the day after Plaintiff's counsel's refusal, Defendant advised Plaintiff that Ms. Gardner would appear on the noticed date.

5. Defendants complied with the Court's Order. The project was time-consuming. Because no data bases of the information sought (demographic data about current and former employees) existed, Defendants had to generate the data. Three different lawyers, a paralegal and a legal intern reviewed 251 personnel files to gather the responsive information. Redactions ordered by the

Court were also time-consuming. Two spreadsheets were created. Additional documents ordered produced had to be reviewed and proper redactions made. Supplemental responses and documents were produced to Plaintiff's counsel on March 6 at 7:06 pm.

6.      Plaintiff did make a record at the start of Ms. Gardner's deposition that the deposition could not be completed because the supplemental discovery had not yet been produced (because it was not then due). That is, even before seeing the supplemental production, Plaintiff intended to use the situation to attempt to force Ms. Gardner to appear twice, including after the discovery cut-off. Defendants made their record that they did not consent, but objected to, any second deposition.

7.      *Plaintiff* chose March 6 for the date of Ms. Gardner's deposition. *Plaintiff* chose to object any effort to move the date. *Plaintiff* made these choices knowing that the supplemental discovery was not due until March 6. Plaintiff cannot now be heard to complain. Plaintiff's claim that "Defendant worked to ensure" that the deposition would be taken before the supplemental production is flatly contradicted by the record.[1]

8.      Separately, Plaintiff is required to obtain leave of court to re-depose a witness after the discovery cut-off. Fed. R. Civ. P. 30(a)92)(A)(ii). Leave is to be granted only upon a showing of good cause and the "discovery of 'helpful ... new information ... does not qualify as "good cause' for modifying [a] scheduling order." *Land O' Lakes, Inc. v. Employers Mut. Liability Ins. Co. of Wisconsin*, 846 F.Supp.2d 1007, 1017 (D.Minn.2012). Reopening a deposition is "disfavored" and "unusual." *EEOC v. Product Fabricators, Inc.,* 285 F.R.D. 418, 422 (D. Minn. 2012) (citations omitted). Good cause is not established when a litigant makes a choice to proceed with a deposition, "in spite of [an] ongoing dispute about the production of various documents" and "knowing full well that the eventual production of such documents might produce new information that [the litigant] might want to ask [the deponent] about." *Id.* at 423.

9.      Here, Plaintiff first argues that the documents sought in Plaintiff's Motion for Sanctions justify re-deposing Ms. Gardner. Defendant incorporates its response to that Motion herein and further notes that at most, Plaintiff now argues that documents she knew she did have when she chose to take the deposition might now be helpful. This argument fails under *Land O' Lakes.* Plaintiff next makes a vague reference to being unable to question Ms. Gardner about John Dockery's retirement without his personnel file which, again, she knew she did not have when she took Ms. Gardner's deposition on the date she noticed it up for. Plaintiff makes no showing to satisfy good cause about what is in that file (that Plaintiff has now had for weeks) that make a difference. Plaintiff finally claims she should be allowed to re-depose because a Missouri Ethics complaint filed against Ms. Gardner also named Kimberly Stevens, who Plaintiff claims replaced Plaintiff. Plaintiff has alleged since this case was filed that Ms. Stevens "replaced" Plaintiff (which Defendants deny) and Ms. Steven's role in Ms. Gardner's campaign, and her status as a co-defendant in the ethics complaint, has been a matter of public record for over a year. *See* https://mec.mo.gov/Scanned/CasedocsPDF/CMTS1400.pdf. Plaintiff's strategic decision to raise this supposed connection for the first time now reflects that Plaintiff's goal all along was to attempt to force Ms. Gardner into two depositions.

---

[1] Plaintiff not only elected to oppose taking Ms. Gardner's deposition after the discovery cut-off, she elected not to bring this issue to the Court's attention until *after* that cut-off.

2

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By:   */s/ David H. Luce*
    David H. Luce, #36050
    8182 Maryland Avenue, Fifteenth Floor
    St. Louis, Missouri 63105
    Telephone: (314) 505-5408
    Facsimile:  (314) 505-5409
    luce@capessokol.com
    *Attorneys for Defendants*
    *The Circuit Attorney's Office of the*
    *City of St. Louis, MO, Kimberly Gardner,*
    *Robert Steele, Michael Warrick and Eula Simmons*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that, on April 1, 2020 the foregoing was served via this Court's electronic filing system upon all parties of record.

    */s/ David H. Luce*